**UNITED STATES of America**

v.

**Joseph Robert PROVENZANO.**

**Crim. A. No. 83–510.**

United States District Court,
E.D. Louisiana.

Dec. 1, 1983.

**120**

Virginia B. Bitzer, U.S. Strike Force, Marilyn G. Barnes, Asst. U.S. Atty., New Orleans, La., for the United States.

Patrick Fanning, Provino Mosca and Gerard Rault, New Orleans, La., for defendant.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on motion of defendant, Joseph Robert Provenzano, to amend the Magistrate's Order that defendant be held without bail, filed pursuant to 18 U.S.C. § 3147.[1] Since December 3, 1980, defendant has been under investigation by two successive special grand juries of the Eastern District of Louisiana for alleged violations of federal criminal laws. On November 15, 1983, defendant was indicted by the current special grand jury on one felony count of interfering with a grand jury witness in violation of 18 U.S.C. § 1513. The indictment charges that on July 15, 1983, defendant caused bodily injury to John E. Rietzke with the intent to retaliate against him for having twice previously appeared as a witness before the special grand jury. If convicted of the charge, defendant faces a possible maximum sentence of imprisonment for a term of ten years and a fine of $250,000.

On November 16, 1983, defendant made his initial appearance before Magistrate Ingard Johannesen, who at that time denied fixing bail on the grounds that defendant was a threat to grand jury witnesses subpoenaed in connection with the on-going investigation of defendant's alleged criminal activities. Pursuant to 18 U.S.C. § 3146, defendant filed a motion for the Magistrate to review his ruling. At the hearing on November 18, 1983, defendant's motion was denied. In a written Order dated November 28, 1983 setting forth the reasons for the denial, the Magistrate stated, *inter alia*, that defendant's conduct posed a substantial probability of danger to witnesses should he be released on bail. On November 28, 1983, defendant filed the motion under consideration herein, and an evidentiary hearing pursuant thereto was held before this Court on November 29, 1983. Considering the evidence adduced at the hearing, the memoranda filed by the parties, and the law applicable to defendant's motion, the Court denies said motion for the following reasons.

The right of a defendant in a noncapital case to be enlarged on bail before trial is recognized in Rule 46(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3146. That right, however, is not absolute. *Fernandez v. United States*, 81 S.Ct. 642, 5 L.Ed.2d 683 (1961) (Harlan, Circuit J.). It has long been recognized that a district court has inherent power to revoke a defendant's bail during trial if necessary to insure orderly trial processes. *United States v. Graewe*, 689 F.2d 54, 56 (6th Cir.1982), and cases cited therein. This inherent power to deny bail extends to the pretrial period when the orderly administration of justice is jeopardized by a defendant's threats against government witnesses:

> The court's interest in efficient criminal prosecution and the gathering of witnesses demands precautions to ensure that the proceedings move expeditiously and in accordance with due process. The extension of inherent powers to deny bail during trial to the pretrial period recognizes that unless the witnesses are protected before trial they and their testimony will not be available at trial. It also recognizes that the court's interests in the integrity of its own processes and the

---

**1.** Defendant actually styled the motion as a "motion to fix bail."

fair administration of justice are not confined to trial but to all proceedings. By protecting witnesses before trial through a defendant's detention, the court is encouraging those witnesses and other potential witnesses to come forward and provide information helpful to the implementation of justice.

*Id.* at 57. *See also Carbo v. United States,* 82 S.Ct. 662, at 668, 7 L.Ed.2d 769 (1962) (Douglas, Circuit J.) and *United States v. Paquet,* No. 74–354, slip op. (E.D.La. August 15, 1974) (Rubin, District J.). Since strong competing principles weigh in favor of the pretrial release of a defendant, however, bail should be denied only under "extreme or unusual" circumstances. *Carbo, supra,* 82 S.Ct. at 668.

At the evidentiary hearing herein, the Government presented the testimony of Special Agent Clifford Cormany of the Federal Bureau of Investigation in New Orleans. Agent Cormany attested to several incidents in which defendant either attempted to or actually did threaten or cause bodily harm to government witnesses who have testified before the grand juries and who may testify in the upcoming trial of defendant. The first such incident occurred on June 15, 1983 when defendant, accompanied by Robert John Toal, sought out Christina Tsang, the reported owner of a restaurant who had appeared before the grand jury. Ms. Tsang was not present then at the restaurant, but defendant verbally intimidated the witness' sister and brother-in-law. He also indicated he would return the following Friday when Ms. Tsang was expected to be there, although he reportedly did not return.

The second such incident was a threat expressed by defendant during a consensually recorded conversation with Robert John Toal, wherein defendant stated to Mr. Toal his intention to retaliate physically against another witness, Gregory Lewis, who is identified in the tapes as "Gregory" and was incarcerated at the time of the conversation. Government Exhibits 3 and 3A.

The third such incident, the subject matter of the present indictment, occurred July 15, 1983 when defendant, in the presence of Robert John Toal, twice struck John E. Rietzke with a shovel handle, kicked him, and demanded to know what Rietzke had said to the grand jury. Defendant's version of this incident and his clear intent to retaliate against Rietzke for having testified, are expressed in unmistakable terms in Government Exhibits 2 and 2A.

Agent Cormany also testified that of the fifty witnesses to whom he personally served subpoenaes, all 25 to 30 of them who are associates of defendant's expressed fear that if they testified against defendant he would retaliate against them. For this reason, Robert "Bobby" Meyers, as an example specifically cited by Agent Cormany, refused to testify after being granted immunity, and indicated that he would choose instead to be punished for contempt. Government Exhibit 4.

The Government's concern that defendant would disrupt the orderly administration of justice by threatening witnesses to insure that they will not testify against him is borne out by the evidence, as heretofore set out. In addition, of particular significance is the fact that the retaliation against Mr. Rietzke occurred after defendant had been specifically warned by Agent Cormany, and L. Eades Hogue, Supervising Attorney of the Strike Force, not to interfere with witnesses. The warning was made to defendant during a conference that he attended with his counsel, Provino Mosca, and Messrs. Cormany and Hogue, on June 20, 1983, following the incident involving defendant's verbal intimidation of Christina Tsang's family. Defendant was expressly told that such conduct toward a witness was intolerable and was further admonished that future threats would lead to prosecution under 18 U.S.C. §§ 1512 and 1513. Government Exhibit 1.

The fact that defendant would retaliate against Mr. Rietzke after having been warned not to, along with the other testimony and exhibits as adduced at the hearing, is compelling evidence of defendant's

propensity toward violence against government witnesses; it is also convincing evidence to this Court of defendant's utter disregard for the orderly and fair administration of justice. Most importantly, however, it bears out the high probability of repeated threats to and interference with witnesses if defendant were released on bail. We therefore conclude that the circumstances herein are "extreme and unusual" and fully justify the denial of bail.

In support of his motion, defendant relies on *United States v. Leisure,* 710 F.2d 422 (8th Cir.1983). *Leisure* stands for the proposition that the Government's placement of its principal witnesses in the witness protection program militates against a finding that the circumstances are "extreme or unusual," notwithstanding evidence of the defendant's threats against witnesses. The facts of *Leisure,* however, are distinguishable from those herein in a material respect: not all of the Government's witnesses who may testify at defendant's trial are in a witness protection program, and thus those who are not so protected would possibly be accessible to defendant if he were released; furthermore, detention of the defendant prior to trial will encourage "other potential witnesses to come forward and provide information helpful to the implementation of justice." *Graewe, supra,* at 57.

Defendant also argues that the Court should not consider in the determination herein the threats directed to others who may not be witnesses in this particular trial. We disagree. The Court has heard and frankly has considered the threats of violence directed to such other witnesses. Although defendant's actions toward some of these witnesses may indeed be inadmissible at trial, such actions, as well as defendant's attempt to minimize their effect and to make light of them, bear directly on defendant's propensity to commit further acts. They substantiate this Court's conclusion that the Government's position is real and not imagined. The evidence adduced at the hearing along with the evidence in the tapes demonstrate to the Court that defendant's release would have a substantial chilling effect on known and prospective witnesses. Even those witnesses who are under protection or in custody should not be required to weigh where and under what conditions threats against them will be carried out.

Accordingly, IT IS ORDERED that the defendant's motion to amend the order that he be held without bail be and it is hereby DENIED.